10-1543-cr
United States v. Shay

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand eleven.

PRESENT:  CHESTER J. STRAUB,
          ROBERT D. SACK,
          GERARD E. LYNCH,
                    *Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                        No. 10-1543-cr

JOSEPH MARK SHAY
                    *Defendant-Appellant.*

----------------------------------------------------------------------

FOR APPELLANT:      MOLLY CORBETT, Assistant Federal Public Defender
                    (Timothy Austin, Assistant Federal Public Defender, *on the
                    brief*), *for* Alexander Bunin, Federal Public Defender for the
                    Northern District of New York, Albany, New York.

FOR APPELLEE:       PAUL SILVER, Assistant United States Attorney, (Elizabeth
                    Horsman, Assistant United States Attorney, *on the brief*), *for*
                    Richard S. Hartunian, United States Attorney for the Northern
                    District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York

(Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED and REMANDED.

In August 2009, Joseph Mark Shay pled guilty to receipt and distribution of child pornography. See 18 U.S.C. §§ 2252A(a)(2), 2256(8)(a). After applying various enhancements, the district court calculated an offense level of 37 and a Guidelines range from 210 months' incarceration to the statutory maximum[1] of 240 months, see id. § 2252A(a)(2); U.S.S.G. § 2G2.2, and sentenced Shay to 210 months' incarceration and supervised release for life.

After sentence was imposed, this Court decided United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). Dorvee had been sentenced to just over 233 months' incarceration (effectively, the statutory maximum of 240 months minus a credit for time served on a related state sentence) for distribution of child pornography. We found his sentence both procedurally and substantively unreasonable, id. at 176, concluding that "it would be manifestly unjust to let Dorvee's sentence stand," id. at 188.[2] In this case, the district court did not have the benefit of our opinion in Dorvee when it set Shay's sentence. The Guidelines calculation and offense conduct in Dorvee's case were strikingly similar to those

---

[1] The government contended at oral argument that 240 months did not represent the true maximum because Shay pled guilty to *two* counts, whose sentences could have run consecutively instead of concurrently. We need not address this contention, which does not affect our resolution of the appeal.

[2] On remand, the district court re-sentenced Dorvee to just over 121 months of incarceration.

in Shay's. Dorvee, like Shay, collected and distributed thousands of images with his computer, some of which involved prepubescent minors or sadistic conduct. Id. at 177. Dorvee had problems with his mental health, id. at 177-78; Shay has problems with his physical health. The biggest difference between them appears to be that Dorvee chatted with and distributed pornographic images to people he believed were minors, and was caught on his way "to meet, to photograph, and to engage in sexual conduct with" one of them. Id. at 176. There is no evidence, by contrast, that Shay ever attempted to contact or engage with minors in any inappropriate way.

While we are not prepared to hold at this time that Shay's sentence, like Dorvee's, was necessarily procedurally or substantively unreasonable, the similarity between the cases makes it appropriate, at a minimum, to vacate the judgment and remand to the district court, so that the district court can consider the potential effect of Dorvee on this case in the first instance, and decide whether the sentence it originally imposed remains appropriate in light of our reasoning in Dorvee, or whether there are distinguishing factors in this case that are not apparent on the record before us.

For the foregoing reasons, we VACATE and REMAND Shay's sentence for further consideration in light of Dorvee.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3